

**FILED**

AUG 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE KEVIN S. BENNETT TRUST U/A )
THE TRUST AGREEMENT DATED )
August 2, 1989, by its Co-Trustees, LuAnn L. )
Bennett and Lawrence A. Miller, Esquire )
Hamilton Court, 1230 – 31st Street, N.W. )
Washington,  DC  20007 )
 )
 )
   and )
 )
KEVIN S. BENNETT, )
601 S. Lee Street )
Alexandria, VA 22314 )

   and

THE BRYAN G. BENNETT TRUST U/A
THE TRUST AGREEMENT DATED
August 2, 1989, by its Co-Trustees, LuAnn L. )
Bennett and Lawrence A. Miller, Esquire )
Hamilton Court, 1230 – 31st Street, N.W. )
Washington, DC  20007 )
 )
 )
   and )
 )
BRYAN G. BENNETT, )
52 Barrow Street )
New York, NY 10014 )
 )
 )
   and )
 )
THE RICHARD A. BENNETT, III TRUST )
U/A THE TRUST AGREEMENT DATED )
August 2, 1989, by its Co-Trustees, LuAnn L. )
Bennett and Lawrence A. Miller, Esquire )
Hamilton Court, 1230 – 31st Street, N.W. )
Washington,  DC  20007 )
 )
 )
                  **Plaintiffs,** )
 )
    **v.** )

Case: 1:07-cv-01519
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 8/24/2007
Description: Contract

*1*

ROBERT S. BENNETT, as Trustee for the )
BETTY KOPLAR BENNETT TRUST )
AGREEMENT DATED MAY 13, 1992, )
793 Harbour Isles Place )
North Palm Beach, FL  33410 )
)
)
_____Defendant._____)

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

The Plaintiffs to this action, to wit, The Kevin S. Bennett Trust U/A The Trust

Agreement Dated August 2, 1989 (by its Co-Trustees, LuAnn L. Bennett and Lawrence A.

Miller, Esquire), Kevin S. Bennett, The Bryan G. Bennett Trust U/A The Trust Agreement Dated

August 2, 1989 (by its Co-Trustees, LuAnn L. Bennett and Lawrence A. Miller, Esquire), Bryan

G. Bennett and The Richard A. Bennett, III Trust U/A The Trust Agreement Dated August 2,

1989 (by its Co-Trustees, LuAnn L. Bennett and Lawrence A. Miller, Esquire) (collectively

"**Plaintiffs**"), as and for their Complaint for Declaratory Judgment and Injunctive Relief (the

"**Complaint**") against defendant Robert S. Bennett, as Trustee for the Betty Koplar Bennett

Trust Agreement Dated May 13, 1992 ("**Defendant**"), state and allege as follows.

### INTRODUCTION

1.      This action arises out of a dispute concerning the ownership of a 5% share ("**5%**

**share**") in the limited partnership known as New Jersey and H Limited Partnership.  Plaintiffs

collectively have received the 5% share by distribution under the Betty Koplar Bennett Trust

Agreement Dated August 2, 1989, as amended (hereinafter "**Betty 1989 Trust**").  Defendant,

however, in his purported capacity as sole trustee of the Betty Koplar Bennett Trust Agreement

Dated May 13, 1992, as amended (hereinafter the "**Betty 1992 Trust**"), contends that the Betty

1992 Trust is the sole owner of the 5% share and, in that capacity, Defendant has purported to

-2-

vote the 5% share. By this action, Plaintiffs seek a declaration that they are the true and rightful owners of the 5% share of New Jersey and H Limited Partnership and in the respective amounts set forth in the distributions under the Betty 1989 Trust, and ask that this Court enjoin Defendant from taking any action contrary to or inconsistent with Plaintiffs' ownership of the 5% share.

## JURISDICTION AND VENUE

2.    This Court properly has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201 et seq. The parties to this action are of diverse citizenship within the meaning of 28 U.S.C. § 1332, and the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and a substantial part of property that is the subject of the action is situated in this judicial district.

## THE PARTIES

4.    Plaintiff Kevin S. Bennett Trust U/A The Trust Agreement Dated August 2, 1989 (hereinafter "**Kevin Trust**") was established by Richard A. Bennett, Jr. on or about August 2, 1989 under the laws of the Commonwealth of Virginia, having an address at Hamilton Court, 1230 – 31st Street, N.W., Washington, D.C. 20007. LuAnn L. Bennett, a domiciliary of Maryland, and Lawrence A. Miller, Esquire, a domiciliary of the District of Columbia, are co-trustees of said trust by operation of the rules of succession thereunder.

5.    Plaintiff Kevin S. Bennett is an adult natural person born on August 14, 1980, and is a remainder beneficiary under the Betty 1989 Trust and the sole remainder beneficiary under the Kevin Trust. Kevin S. Bennett is a resident and domiciliary of the Commonwealth of Virginia, having an address at 601 S. Lee Street, Alexandria, VA 22314.

-3-

6.    Plaintiff Bryan G. Bennett Trust U/A The Trust Agreement Dated August 2, 1989 (hereinafter "**Bryan Trust**") was established by Richard A. Bennett, Jr. on or about August 2, 1989 under the laws of the Commonwealth of Virginia, having an address at Hamilton Court, 1230 – 31st Street, N.W., Washington, D.C. 20007.  LuAnn L. Bennett and Lawrence A. Miller, Esquire are co-trustees of said trust by operation of the rules of succession thereunder.

7.    Plaintiff Bryan G. Bennett is an adult natural person born on October 17, 1982, and is a remainder beneficiary under the Betty 1989 Trust and the sole remainder beneficiary under the Bryan Trust.  Bryan G. Bennett is a resident and domiciliary of the State of New York, having an address at 52 Barrow Street, New York, NY 10014.

8.    Plaintiff Richard A. Bennett, III Trust U/A The Trust Agreement Dated August 2, 1989 (hereinafter "**Richard III Trust**") was established by Richard A. Bennett, Jr. on or about August 2, 1989 under the laws of the Commonwealth of Virginia, having an address at Hamilton Court, 1230 – 31st Street, N.W., Washington, D.C. 20007.  LuAnn L. Bennett and Lawrence A. Miller, Esquire are co-trustees of said trust by operation of the rules of succession thereunder.

9.    Defendant Robert S. Bennett is an adult natural person, against whom suit is brought herein in his purported capacity as Trustee for the Betty Koplar Bennett Trust Agreement Dated May 13, 1992.  Upon information and belief, Defendant is a resident and domiciliary of the State of Florida, and holds himself out as sole trustee of the Betty 1992 Trust.

## FACTUAL ALLEGATIONS

10    The Betty 1989 Trust was established by Richard A. Bennett, Jr. (defined therein as "Settlor") on or about August 2, 1989.  Pursuant to the terms of the Betty 1989 Trust, the trustees of the Betty 1989 Trust are directed to hold the Trust Properties (as defined therein)

thereof in trust, and to administer the Trust Properties for the benefit of its life beneficiary, Betty Koplar Bennett (the Settlor's mother), subject to the terms and limitations set forth therein.

11.     In 1990 or shortly thereafter, Richard A. Bennett, Jr. caused to be added to the Trust Properties of the Betty 1989 Trust a 5% interest in a limited partnership known as New Jersey and H Limited Partnership, which entity was and is organized under the law of the District of Columbia. That 5% interest was, throughout the existence of the Betty 1989 Trust, the sole asset of the Betty 1989 Trust. Additionally, that 5% interest was not pledged, encumbered, assigned or otherwise compromised throughout the life of the Betty 1989 Trust.

12.     The Betty 1989 Trust provides that "[u]pon the death of the Settlor's mother [to wit, Betty Koplar Bennett, the life beneficiary], the trust shall terminate and all remaining principal of the trust shall be divided among the then-living descendants of the Settlor, per stirpes. Each such share shall be distributed, outright, subject to the provisions of paragraph II C," which in turn provides that if a share is distributable to a descendant of the Settlor who is then under the age of 38, that share "shall be distributed to the Trustees, IN TRUST, of the trust created by the Settlor for each descendant under Agreement dated August 2, 1989 to be held and administered as part of that trust."

13.     The trusts referenced in paragraph II C of the Betty 1989 Trust are the three trusts identified above in paragraphs 6, 8 and 10, to wit, the Kevin Trust, the Bryan Trust and the Richard III Trust, which trusts were created by Richard A. Bennett, Jr. on or about August 2, 1989 for his three sons, respectively, Kevin S. Bennett, Bryan G. Bennett and Richard A. Bennett III. Each of the Kevin Trust, Bryan Trust and Richard III Trust provide that the property thereof shall be held in trust until the beneficiary reaches the age of 38, subject to a formula by

which a percentage of said property shall be distributed to the beneficiary outright if that beneficiary is of a certain minimum adult age under 38, as specified therein.

14.     On May 31, 2007, Betty Koplar Bennett died.  At that time, the then-living descendants of the Settlor, Richard A. Bennett, Jr., were and are presently his three sons, Kevin S. Bennett, Bryan G. Bennett and Richard A. Bennett, III, all adults under the age of 38.

15.     Upon the death of Betty Koplar Bennett, and in accordance with paragraphs II B and II C of the of the Betty 1989 Trust, the remaining principal of the Betty 1989 Trust – namely, the 5% share in New Jersey and H Limited Partnership – was to be distributed to Richard A. Bennett's three sons, per stirpes, and in accordance with the terms of the Kevin Trust, the Bryan Trust and the Richard III Trust.  Thereafter, the distribution was made, and each son received one-third of that 5% share, either in trust (in the case of the youngest son, Richard A. Bennett, III) or by combination of receipt outright of a portion and receipt of a portion in trust (in the case of Kevin S. Bennett and Bryan G. Bennett).  Plaintiffs thereafter were admitted to the partnership to the extent of each's respective interest by operation of the New Jersey and H Limited Partnership Sixth Amendment to Limited Partnership Agreement.

16.     Shortly after Betty K. Bennett's May 31, 2007 passing, while a vote was pending on a proposal before the New Jersey and H Limited Partnership, Robert S. Bennett, by letter dated June 19, 2007, purported to vote that same 5% share in New Jersey and H Limited Partnership on behalf of the Betty 1992 Trust.

17.     The Betty 1992 Trust does not own and has never owned any share of New Jersey and H Limited Partnership.  Prior to the death of Betty K. Bennett, the aforementioned 5% share in New Jersey and H Limited Partnership was held solely by the Betty 1989 Trust and not by Betty K. Bennett nor the Betty 1992 Trust.  The death of Betty K. Bennett did not cause the 5%

share of New Jersey and H Limited Partnership in question to pass to the Betty 1992 Trust, but rather caused the distribution of that 5% share from the Betty 1989 Trust to the Plaintiffs as set forth above. The Betty 1992 Trust is neither authorized nor entitled to vote Plaintiffs' 5% share in New Jersey and H Limited Partnership.

18.    Defendant continues to hold himself out as entitled to vote and otherwise control that 5% share in New Jersey and H Limited Partnership, and continues to maintain that the 5% share is an asset of the Betty 1992 Trust. The position taken by Defendant impairs and undermines Plaintiffs' rights as partners in New Jersey and H Limited Partnership, threatens to create confusion and uncertainty among the other owners of said partnership, and may affect the partnership's dealings with third parties.

19.    All conditions precedent to bringing suit having been satisfied, this matter is ripe for resolution by this Court.

## COUNT ONE
### (Declaratory Judgment and Injunctive Relief)

20.    The allegations of Paragraphs 1 through 19 of this Complaint are by reference incorporated herein as though set forth in full.

21.    An actual controversy exists within the meaning of the Declaratory Judgment Act between Plaintiffs and Defendant with regard to the ownership of and rights with respect to the disputed 5% share of New Jersey and H Limited Partnership, and specifically with regard to Defendant's attempts to vote and otherwise control that 5% share and to include it as an asset of the Betty 1992 Trust.

22.    Plaintiffs are entitled to a judicial declaration that they are the true and rightful owners and/or trustees of the collective 5% share of New Jersey and H Limited Partnership.

-7-

23.    Defendant's efforts to exert control and dominion over the disputed 5% share in New Jersey and H Limited Partnership including, but not limited to, his efforts to vote the 5% share, are inconsistent with and contrary to the rights and interests of Plaintiffs, and will cause serious and irreparable harm to Plaintiffs if not enjoined.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court issue an Order and Judgment:

1.    Declaring that Plaintiffs are the true, just and proper owners and/or trustees of the disputed 5% share in New Jersey and H Limited Partnership;

2.    Enjoining, by way of preliminary and permanent injunctive relief, Defendant from attempting to vote, control or distribute any part of Plaintiffs' collective 5% share in New Jersey and H Limited Partnership, or otherwise taking any action contrary to or inconsistent with Plaintiffs' ownership of that 5% share;

3.    Awarding Plaintiffs their attorneys' fees, expenses and costs; and

4.    Awarding Plaintiffs such other relief as the Court considers just and proper.

Dated:  August 24, 2007

Respectfully submitted,

By:_____

Allen V. Farber (D.C. Bar No. 912865)
Brian A. Coleman (D.C. Bar No. 459201)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C.  20005
(202) 842-8800

Counsel for Plaintiffs

M 07-1519 CKK

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

The Kevin S. Bennett Trust u/a The Trust Agreement Dated August 2, 1989, et al.    //00/

### DEFENDANTS

Robert S. Bennett, as Trustee for the Betty Koplar Bennett Trust Agreement dated May 13, 1992

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Allen V. Farber / Brian A. Coleman
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005

Case: 1:07-cv-01519
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 8/24/2007
Description: Contract

### II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

- ○ A. *Antitrust*
  - ☐ 410 Antitrust

- ○ B. *Personal Injury/ Malpractice*
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ○ C. *Administrative Agency Review*
  - ☐ 151 Medicare Act

  Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)

  Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ D. *Temporary Restraining Order/Preliminary Injunction*

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

---

- ○ E. *General Civil (Other)*    OR    ○ F. *Pro Se General Civil*

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ⊗ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. sec. 2201 et seq. - Declaratory relief

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** ☐ ........................ <br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐  NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE  8/24/07     SIGNATURE OF ATTORNEY OF RECORD  _____

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.