IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE KEVIN S. BENNETT TRUST U/A<br>THE TRUST AGREEMENT DATED<br>August 2, 1989, by its Co-Trustees, LuAnn L.<br>Bennett and Lawrence A. Miller, Esquire<br>Hamilton Court, 1230--31st Street, N.W.<br>Washington, D.C.  20007 | ) ) ) ) ) ) ) | |
| and | ) ) | |
| KEVIN S. BENNETT<br>601 S. Lee Street<br>Alexandria, VA 22314 | ) ) ) ) | |
| and | ) ) | Case: 1:07-cv-01519<br>Assigned To: Kollar-Kotelly, J. |
| THE BRYAN G. BENNETT TRUST U/A<br>THE TRUST AGREEMENT DATED<br>August 2, 1989, by its Co-Trustees, LuAnn L.<br>Bennett and Lawrence A. Miller, Esquire<br>Hamilton Court, 1230--31st Street, N.W.<br>Washington, D.C.  20007 | ) ) ) ) ) ) ) | |
| and | ) ) | |
| BRYAN G. BENNETT<br>52 Barrow Street<br>New York, NY 10014 | ) ) ) ) | |
| and | ) ) | |
| THE RICHARD A. BENNETT, III TRUST<br>U/A THE TRUST AGREEMENT DATED<br>August 2, 1989, by its Co-Trustees, LuAnn L.<br>Bennett and Lawrence A. Miller, Esquire<br>Hamilton Court, 1230--31st Street, N.W.<br>Washington, D.C.  20007 | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| ROBERT S. BENNETT, as Trustee for the<br>BETTY KOPLAR BENNETT TRUST | ) ) | |

AGREEMENT DATED MAY 13, 1992,                 )
793 Harbour Isles Place                        )
North Palm Beach, FL 33410                     )
                                               )
                         Defendant.                          )
_____)
                                               )
ROBERT S. BENNETT, as Trustee for the          )
BETTY KOPLAR BENNETT TRUST                     )
AGREEMENT DATED MAY 13, 1992,                  )
793 Harbour Isles Place                        )
North Palm Beach, FL 33410                     )
                                               )
                         Counterclaim Plaintiff              )
                                               )
      v.                                        )
                                               )
THE KEVIN S. BENNETT TRUST U/A                 )
THE TRUST AGREEMENT DATED                      )
August 2, 1989, by its Co-Trustees, LuAnn L.   )
Bennett and Lawrence A. Miller, Esquire        )
                                               )
and                                            )
                                               )
KEVIN S. BENNETT                               )
                                               )
and                                            )
                                               )
THE BRYAN G. BENNETT TRUST U/A                 )
THE TRUST AGREEMENT DATED                      )
August 2, 1989, by its Co-Trustees, LuAnn L.   )
Bennett and Lawrence A. Miller, Esquire        )
                                               )
and                                            )
                                               )
BRYAN G. BENNETT                               )
                                               )
and                                            )
                                               )
THE RICHARD A. BENNETT, III TRUST              )
U/A THE TRUST AGREEMENT DATED                  )
August 2, 1989, by its Co-Trustees, LuAnn L.   )
Bennett and Lawrence A. Miller, Esquire        )
                                               )
                       Counterclaim Defendants.            )
_____)

2

## ANSWER AND COUNTERCLAIM

Defendant Robert S. Bennett, as Trustee for the Betty Koplar Bennett Trust Agreement dated May 13, 1992 ("Defendant"), through undersigned counsel, hereby answers the Complaint for Declaratory Judgment and Injunctive Relief ("Complaint") as follows:

1.      Paragraph 1 is an introductory paragraph to which no response is required.  To the extent a response is required, Defendant admits that he is the sole trustee of the Betty Koplar Trust Agreement Dated May 13, 1992 ("Betty 1992 Trust"), that the Betty 1992 Trust is the owner of a 5% share in a limited partnership known as the New Jersey and H Limited Partnership, and that as trustee of the Betty 1992 Trust he has voted the 5% share with regard to a recent proposed transaction.  The remaining allegations of Paragraph 1 are denied.

2.      Paragraph 2 is a statement of jurisdiction setting forth a legal conclusion as to which no response is required.

3.      Paragraph 3 is a statement of venue setting forth a legal conclusion as to which no response is required.

4.      Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 4.  Defendant further states based on information and belief that LuAnn L. Bennett is a resident of Virginia, not Maryland.

5.      Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 5.

6.      Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 6.

7.      Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 7.

8.    Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 8.

9.    Admitted.

10.    Defendant admits the first sentence of Paragraph 10.  The second sentence purports to characterize the contents of the Betty 1989 Trust, which speaks for itself and thus no response is no required.

11.    Defendant is without sufficient information or knowledge to admit or deny the allegations of the first and second sentences of Paragraph 11.  Defendant denies the third sentence of Paragraph 11 and states further that the 5% interest in the New Jersey and H Limited Partnership held by the Betty Koplar Bennett Trust Agreement dated August 2, 1989 ("Betty 1989 Trust") was assigned to the Betty 1992 Trust on July 30, 1992.  (Attachment A).  The assignment was executed with the express knowledge and approval of the Settlor of the Betty 1989 Trust, Richard A. Bennett, Jr.  (*Id.*).

12.    Paragraph 12 purports to quote or characterize the contents of the Betty 1989 Trust, which speaks for itself and thus no response is required.

13.    Paragraph 13 purports to quote or characterize the contents of the Betty 1989 Trust, which speaks for itself and thus no response is required.

14.    Defendant admits the first sentence of Paragraph 14.  Defendant is without sufficient information to admit or deny the second sentence of Paragraph 14.

15.    Denied.

16.    Admitted.

17.    Denied.

18.    Defendant admits the first sentence of Paragraph 18, but denies the remainder of Paragraph 18.

19.    Paragraph 19 sets forth a legal conclusion as to which no response is required. To the extent a response is required, it is denied.

## COUNT ONE
### (Declaratory Judgment and Injunctive Relief)

20.    Defendant incorporates and restates the responses to Paragraphs 1-19 as if fully set forth herein.

21.    Paragraph 21 sets forth a legal conclusion as to which no response is required. To the extent a response is required, it is denied.

22.    Denied.

23.    Denied.

The "WHEREFORE" clause sets forth requests for relief as to which no response is required. To the extent a response is required, Defendant denies Plaintiffs are entitled to any relief whatsoever. To the extent any allegation is not specifically addressed, it is denied.

## AFFIRMATIVE DEFENSES

As additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs, Defendant alleges as follows:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred by the statute of limitations or by the doctrine of laches.

3.    Plaintiffs' claims are barred by the equitable doctrines of estoppel and waiver.

4.    Plaintiffs' claim is barred, in whole or in part, by the doctrine of unclean hands.

**WHEREFORE**, Defendant requests that Plaintiffs be denied all relief, that the Complaint be dismissed with prejudice, that Defendant be awarded the costs and expenses of this action together with any other relief that the Court deems just and proper.

**COUNTERCLAIM**

Defendant/Counterclaim Plaintiff, Robert S. Bennett, as trustee for the Betty 1992 Trust, through his undersigned counsel, hereby asserts this counterclaim for declaratory judgment and injunctive relief against Plaintiffs/Counterclaim Defendants The Kevin S. Bennett Trust U/A The Trust Agreement Dated August 2, 1989 (the "Kevin Trust"), Kevin S. Bennett, The Bryan G. Bennett Trust U/A The Trust Agreement Dated August 2, 1989 (the "Bryan Trust"), Bryan G. Bennett, The Richard A. Bennett, III Trust U/A The Trust Agreement Dated August 2, 1989 (the "Richard Trust"), and the co-trustees of the Kevin Trust, the Bryan Trust and the Richard Trust, LuAnn L. Bennett and Lawrence A. Miller, pursuant to Federal Rule of Civil Procedure 13(a) and states as follows.

**JURISDICTION AND VENUE**

1.    This court has jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. §§ 1332(a)(1) and 2201(a).  The parties to this action are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.    This Court has personal jurisdiction over this matter because Plaintiffs already have filed suit in this forum.

3.    Venue properly lies in this federal district pursuant to 28 U.S.C. § 1391(a), and because Plaintiffs already have filed suit in this forum.

6

## PARTIES

4.    Counterclaim Plaintiff Robert S. Bennett brings this action in his capacity as sole Trustee of the Betty 1992 Trust.  He is a resident of Florida.

5.    Counterclaim Defendant The Kevin Trust purports to have been established by Richard A. Bennett, Jr. on or about August 2, 1989 under the laws of the Commonwealth of Virginia and alleges that its address is in the District of Columbia.  Counterclaim Defendants LuAnn L. Bennett, a resident of Virginia, and Lawrence A. Miller, Esquire, who purports to be a resident of the District of Columbia, claim to serve as the co-trustees of the trust.

6.    Counterclaim Defendant Kevin S. Bennett purports to be a remainder beneficiary under the Betty 1989 Trust and the sole remainder beneficiary under the Kevin Trust.  He purports to be a resident of Virginia.

7.    Counterclaim Defendant The Bryan Trust purports to have been established by Richard A. Bennett, Jr. on or about August 2, 1989 under the laws of the Commonwealth of Virginia and alleges that its address is in the District of Columbia.  Counterclaim Defendants LuAnn L. Bennett, a resident of Virginia, and Lawrence A. Miller, Esquire, who purports to be a resident of the District of Columbia, claim to serve as the co-trustees of the trust.

8.    Counterclaim Defendant Bryan G. Bennett purports to be a remainder beneficiary under the Betty 1989 Trust and the sole remainder beneficiary under the Bryan Trust.  He purports to be a resident of New York.

9.    Counterclaim Defendant The Richard Trust purports to have been established by Richard A. Bennett, Jr. on or about August 2, 1989 under the laws of the Commonwealth of Virginia and alleges that its address is in the District of Columbia.  Counterclaim Defendants

LuAnn L. Bennett, a resident of Virginia, and Lawrence A. Miller, Esquire, who purports to be a resident of the District of Columbia, claim to serve as the co-trustees of the trust.

## FACTS

10.   On or about July 30,1992, Betty Koplar Bennett assigned the interest in the New Jersey and H Limited Partnership to the Betty 1992 Trust.  (Attachment A).

11.   On or about July 30, 1992, Betty Koplar Bennett accepted the assignment into the Betty 1992 Trust.  (Attachment A).

12.   Thereafter, Richard A. Bennett, Jr., the settlor of the Betty 1989 Trust, accepted the assignment of the New Jersey and H Limited Partnership interest to the Betty 1992 Trust on behalf of the New Jersey and H Limited Partnership.  (Attachment A).

## COUNT I
### (Declaratory Judgment and Injunctive Relief)

13.   Counterclaim Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-12 as if fully set forth herein.

14.   An actual and justiciable controversy exists between the parties with regard to the ownership of and rights to the disputed 5% share of New Jersey and H Limited Partnership, and specifically with regard to whether that 5% share is properly included as an asset of the Betty 1989 Trust or the Betty 1992 Trust.

15.   Counterclaim Plaintiff is entitled to a judicial declaration that the Betty 1992 Trust is the true and rightful owner of the 5% share of the New Jersey and H Limited Partnership.

16.   Counterclaim Defendants' efforts to exert control and dominion over the disputed 5% share in New Jersey and H Limited Partnership are inconsistent with and contrary to the rights and interests of Counterclaim Plaintiff, and will cause serious and irreparable harm to Counterclaim Plaintiff if not enjoined.

**WHEREFORE**, Counterclaim Plaintiff requests that this Court enter an Order and Judgment:

1.      Declaring that the Betty 1992 Trust is the true, just and proper owner of the disputed 5% share in New Jersey and H Limited Partnership, and that Counterclaim Plaintiff, as sole Trustee of the Betty 1992 Trust, may exercise all rights of ownership concerning the disputed 5% share;

2.      Enjoining, by way of preliminary and permanent injunctive relief, Counterclaim Defendants, including but not limited to LuAnn L. Bennett and Lawrence A. Miller, from attempting to vote, control, or distribute the disputed 5% share or taking any other actions to interfere with Counterclaim Plaintiff's ability to exercise all rights of ownership in the disputed 5% share;

3.      Awarding Counterclaim Plaintiff his attorneys' fees, expenses, and costs; and

4.      Awarding Counterclaim Plaintiff such other relief as the Court considers just and proper.

Dated:  September 17, 2007

Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

/s/ Robert A. Van Kirk
Robert A. Van Kirk (DC Bar No. 430588)
725 Twelfth Street, NW
Washington, DC  20005
(202) 434-5000

*Attorney for Defendant/Counterclaim Plaintiff*
*Robert S. Bennett, as Trustee for the Betty 1992*
*Trust*

# ATTACHMENT A

## ASSIGNMENT

I, BETTY KOPLAR BENNETT, hereby assign all my right, title and interest in the partnership NEW JERSEY AND H STREET LIMITED PARTNERSHIP located at _____ in the Town of _____, County of _____ and State of _____, to the following Grantee:

BETTY KOPLAR BENNETT, TRUSTEE OF THE BETTY KOPLAR BENNETT TRUST U/A DATED MAY 13, 1992

In witness whereof the undersigned hereby sets his hand and seal this 30th day of _____July_____, 19 92.

WITNESSES:

_____

_____                    _____
                                              BETTY KOPLAR BENNETT

STATE OF FLORIDA

COUNTY OF PALM BEACH

    Subscribed, acknowledged and sworn to before me by BETTY KOPLAR BENNETT, who is personally known to me or who has produced a driver's license or other identification described in F.S. 117.05, and who did take an oath, on this 30th day of _____July_____, 19 92.



BARBARA A. SLOAN
MY COMMISSION EXPIRES
July 1, 1995
BONDED THRU NOTARY PUBLIC UNDERWRITERS

_____
NOTARY PUBLIC, State of Florida
    BARBARA A. SLOAN
(Print Name of Notary)
My Commission Expires:
    N/A

_____
Serial Number, if any

<u>ACCEPTANCE BY TRUSTEE</u>

I, BETTY KOPLAR BENNETT, TRUSTEE OF THE BETTY KOPLAR BENNETT TRUST

U/A DATED MAY 13, 1992, accept the foregoing Assignment.

WITNESSES:

_____        _____
                                        BETTY KOPLAR BENNETT, Trustee

STATE OF FLORIDA
COUNTY OF PALM BEACH

     Subscribed, acknowledged and sworn to before me by BETTY KOPLAR BENNETT, who is personally known to me or who has produced a driver's license or other identification described in F.S. 117.05, and who did take an oath, on this <u>30th</u> day of <u>July</u>, 19 <u>92</u>.

BARBARA A. SLOAN
MY COMMISSION EXPIRES
July 1, 1995
BONDED THRU NOTARY PUBLIC UNDERWRITERS

_____
NOTARY PUBLIC, State of Florida
  BARBARA A. SLOAN
(Print Name of Notary)
My Commission Expires:
  N/A
Serial Number, if any

Prepared by:
Barbara A. Sloan, Esq.
980 North Federal Highway
Suite 410
Boca Raton, Florida 33432
Telephone: (407) 391-1900

## *ACCEPTANCE OF ASSIGNMENT BY GENERAL PARTNER*

I, RICHARD A. BENNETT, JR., as General Partner of the NEW
JERSEY AND H STREET LIMITED PARTNERSHIP, accept the foregoing
Assignment.

RICHARD A. BENNETT, JR.

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed with the Court through the ECF system on the 17th day of September, 2007, and that service will be made electronically by the Court's system to Allen V. Farber counsel for Plaintiffs/Counter Defendants.


/s/ Robert A. Van Kirk_____